UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV87-3-MU
(3:03CR49-8-MU)

| | |
|---|---|
| MICHAEL HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before this Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed March 6, 2009 (Doc. No. 1.). For the reasons stated herein, Petitioner's Motion will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL

According to the record, Petitioner (along with nine other individuals) was named in a multi-count Bill of Indictment which charged in Count One that the Petitioner had conspired to possess with intent to distribute quantities of heroin, in violation of 21 U.S.C. § 841(a)(1) and 846. (Case No. 3:03cr49, Doc. No. 3; Indictment.) By a written plea agreement filed January 5, 2004 the Petitioner agreed to plead guilty to the Indictment. (Id., Doc. No. 118; Plea Agreement. On February 3, 2004, the Petitioner appeared before Magistrate Judge Horn and plead guilty to conspiracy to possess with intent to distribute heroin. Judge Horn engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. (Id., Doc. No. 124; Entry

1

and Acceptance of Guilty Plea Form.) On December 21, 2004, this Court accepted Petitioner's plea and sentenced Petitioner to 262 months imprisonment. (Id., Doc. No. 176; Judgment.)

The Petitioner did not initially directly appeal his conviction or sentence. Rather, on December 27, 2005, the Petitioner filed his first Motion to Vacate in which he alleged that his trial counsel was ineffective for having failed to file an appeal as the Petitioner desired. (Case No. 3:05cv536.) By Order dated January 5, 2006, this Court granted Petitioner's Motion to Vacate for the limited purpose of allowing him to perfect a direct appeal. (Case No. 3:05cv536, Doc. No.2.) On February 6, 2006, Petitioner filed a direct appeal to the Fourth Circuit Court of Appeals claiming that the district court violated his Sixth Amendment rights by sentencing him as a career offender based upon prior convictions that were neither charged in the indictment nor admitted by him. On November 1, 2007, in an unpublished opinion, the Fourth Circuit dismissed Petitioner's appeal. United States v. Henderson, 253 Fed. App'x 306 (4th Cir. 2007). Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of the United States which was denied on February 25, 2008. Petitioner filed the instant Motion to Vacate on March 6, 2009 alleging that his counsel was ineffective for: (1) failing to adequately advise him of the consequences of his plea; (2) failing to file a Notice of Appeal as requested; and (3) failing to provide an adequate defense strategy.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

A.  Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted).

1. Career Offender

Petitioner first argues that his counsel was ineffective because he "failed to advise him of the consequences of pleading guilty, i.e. the substantial enhancement of prison time." Petitioner contends that as a result of this failure, his plea was not voluntary.

To the extent that Petitioner is challenging the voluntariness of his plea, such claim was waived pursuant to his plea agreement. In his plea agreement, Petitioner specifically waived his right to challenge, on collateral review, his conviction or sentence, except on the basis of ineffective assistance of counsel, prosecutorial misconduct, or the sentence on the basis of grounds not argued in Petitioner's motion. (Case No. 3:03cr49, Doc. No. 118: Plea Agreement ¶ 20.) The Fourth Circuit has recognized the enforceability of these waivers. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Indeed, in the context of Petitioner's direct appeal, the Fourth Circuit concluded that

3

Petitioner's waiver of appellate rights was knowing and voluntary. United States v. Henderson, 253 Fed. App'x 306 (4th Cir. 2007). Accordingly, Petitioner has waived his right to challenge his sentence on this basis.

With respect to Petitioner's claim that his counsel was ineffective for failing to advise him of the consequences of pleading guilty – i.e., substantial enhancement of prison time, the Court assumes that Petitioner believes that his counsel did not adequately explain the career offender portion of his plea agreement. However, the Plea Agreement clearly states that "[n]otwithstanding any recommendations in the Plea Agreement as to the offense level, if the Probation Office determines from defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender), or a statutory minimum sentence applies, then that provision will be used in determining the sentence. (Case No. 3:03cr49, Doc. No. 118: Plea Agreement ¶ 7(e).) Moreover, at the Plea and Rule 11 Hearing, Magistrate Judge Carl Horn, III, specifically asked Petitioner whether he understood that the district court could not determine his sentence until after the PSR was prepared and that in some circumstances, a petitioner may receive a sentence that is higher or lower than that called for by the Sentencing Guidelines. (Id., Doc. No. 215: Plea and Rule 11 Transcript at 8.) Judge Horn also explained that even if the sentence is more severe than expected or if the Court does not accept the government's sentencing recommendation, Petitioner was still bound by his plea and would have no right to withdraw it. (Id.) Petitioner stated that he understood these terms. (Id.)

Petitioner's Plea Agreement clearly indicated that if the Probation Office determined that Petitioner was a career offender, he would be sentenced pursuant to U.S.S.G. § 4B1.1. Petitioner signed the Plea Agreement and agreed to its terms during the Plea and Rule 11 Hearing. To the extent that counsel did not sufficiently explain this provision to Petitioner, Judge Horn did clearly explain

4

the sentencing provisions to Petitioner, including that Petitioner was bound by his plea and could not withdraw it even if his sentence was more severe than expected. Therefore, even if Petitioner could establish that his counsel was deficient, he cannot establish that he was prejudiced by such deficiency.

Petitioner further contends that the 262 month sentence he received was far in excess of the agreed upon sentence. The Court has reviewed the Plea Agreement and notes that there was no "agreed upon sentence." Instead, pursuant to the Plea Agreement, the parties stipulated that Petitioner was responsible for more than 100 grams but less than 400 grams of heroine and that Petitioner would receive a thee-level reduction for acceptance of responsibility. However, the Plea Agreement also very clearly spelled out that "any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has final discretion to impose any sentence up to the statutory maximum for each count." (Case No. 3:03cr49, Doc. No. 118: Plea Agreement ¶ 6.) Additionally, the Plea Agreement specifically included the career offender provision quoted above which provides that if the Probation Office determined from Petitioner's criminal history that U.S.S.G. § 4B1.1 applied, that provision would be used in determining the sentence. (Id. ¶ 7e.)

Petitioner simply has not established either prong of the Strickland test. Therefore his claim that counsel was ineffective for failing to advise him of the consequences of pleading guilty is denied.

2. Notice of Appeal

Next, Petitioner contends that his counsel was ineffective for failing to file a notice of appeal on his behalf despite his request that he do so. Petitioner raised this claim in his first Motion to Vacate filed on December 27, 2005 and this Court granted him relief for the limited purpose of allowing him to perfect a direct appeal. Petitioner has gotten all of the relief to which he is entitled

5

on this specific claim. Therefore this claim is denied.

### 3. Inadequate Defense Strategy

Petitioner contends that his counsel was ineffective because he failed to object to the firearms enhancement he received at sentencing. This Court has reviewed the Sentencing Transcript and the Presentence Report, ("PSR"), and notes that Petitioner did not receive a firearms enhancement, therefore his counsel could not be ineffective for failing to object to such an enhancement. The only enhancement Petitioner received was for his status as a career offender. Petitioner has not established either prong of the Strickland test and therefore his claim that counsel was ineffective for failing to object to the firearm enhancement is denied.

Next, Petitioner contends that his counsel "failed to argue against the conspiracy" at sentencing and this failure "led to petitioner being prejudiced by receiving a 162 month enhancement." (Motion at 15.)

Petitioner entered a guilty plea to Count One, the conspiracy count, in the Indictment. During his Plea and Rule 11 Hearing, he indicated that he was, in fact, guilty of Count One. (Case No. 3:03cr49, Doc. No. 215: Transcript of Plea and Rule 11 Hearing at 10.) Petitioner received the enhancement at sentencing because of his career offender status, not because his attorney failed to argue against the conspiracy. In fact, if his counsel attempted to argue that Petitioner was not guilty of the conspiracy as charged in the Indictment, the Court may have invalidated Petitioner's guilty plea and set the case for trial. Once again, Petitioner has not establish either prong of the Strickland test and his claim that his counsel was ineffective for failing to argue against the conspiracy is denied.

Petitioner also contends that his counsel was ineffective for failing to investigate his prior offenses which qualified him to be a career offender. However, Petitioner does not contend that any

of his prior offenses do not qualify as predicate offenses for purposes of determining career offender status. Petitioner simply states that when his counsel failed to investigate the predicate offenses, his performance was below a reasonable standard. Petitioner has not met his burden with this conclusory claim. Indeed, Petitioner has the obligation to explain what his counsel would have found if he had researched his prior offense to establish whether they qualify as predicate offenses. Without such evidence, Petitioner cannot establish either prong of the <u>Strickland</u> test and his claim must be dismissed.

### 4. Downward Departures

Petitioner contends that his counsel was ineffective for failing to present an argument that he should have receive a four level downward departure for his minimal role and/or a two-level departure for being a minor participant because he participated in only one transaction within the conspiracy.

According to the PSR, although Petitioner stipulated in his Plea Agreement that the amount of heroine foreseeable to him was between 100 and 400 grams, he was involved in the conspiracy from its inception until his May 2003 arrest and a co-defendant reported purchasing at least 15,000 bags of heroine (about 800 grams) from Petitioner during the course of the conspiracy. (Case No. 3:03cr49, Doc. No. 204 (sealed); Presentence Report ¶ 24.)

Based on the PSR, the undersigned would not have granted a downward departure for Petitioner's alleged minor or minimal role even if counsel had made the argument at sentencing. Therefore, Petitioner has not established that he was prejudiced by his counsel's failure to present an argument at sentencing that he should receive a downward departure for his role in the conspiracy. Petitioner's ineffective assistance of counsel claim is denied.

Last, Petitioner contends that his counsel was ineffective for failing to argue that Petitioner should receive a downward departure because his criminal history was over-represented. However, Petitioner does not include an explanation or argument as to why his criminal history was over-represented. He simply states that his attorney should have made this argument at sentencing, but does not provide any evidence why such a departure would be appropriate in his personal circumstance. Moreover, this Court has reviewed Petitioner's criminal history outlined in his PSR and notes that Petitioner's criminal history includes three separate controlled substance convictions and one weapons conviction. Additionally, Petitioner had one more controlled substance charged which was dismissed and an aggravated assault charge which was dismissed. Had counsel made an argument that such criminal history was over-represented, the undersigned would have denied such a departure. Therefore, Petitioner cannot establish that he was prejudiced by counsel's failure to argue that he should receive a downward departure because his criminal history was over-represented. Petitioner's claim of ineffective assistance of counsel is denied.

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion to Vacate is **DENIED AND DISMISSED.**

**SO ORDERED**.

Signed: March 16, 2009

Graham C. Mullen
United States District Judge